IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYSTONE ASSOCIATES LLC, and<br>CABLE MOUNTAIN PARTNERS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BARCLAYS BANK PLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 19-796 (MN)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

Timothy R. Dudderar, Jonathan A. Choa, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware. David J. Jordan, Michael R. Menssen, STOEL RIVERS LLP, Salt Lake City, Utah. *Counsel for Plaintiffs*.

Robert S. Saunders, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, Delaware. Jeffrey Geier, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, New York, New York. *Counsel for Defendant*.

January 9, 2020
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Plaintiffs Keystone Associates LLC ("Keystone") and Cable Mountain Partners LLC ("Cable Mountain," and collectively, "Plaintiffs") have sued defendant Barclays Bank PLC ("Barclays") for securities fraud, common law fraud, and negligent misrepresentation. Currently before the Court is Defendant's motion to dismiss the complaint pursuant to Rules 12(b)(1),[1] 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure as well as the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4. ("PSLRA") (D.I. 8). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. For the following reasons, Defendant's motion to dismiss is GRANTED.

**I.    BACKGROUND**

In three separate transactions between February 18, 2016 and January 30, 2017, Plaintiffs invested $2,500,000 in Elkhorn Capital Group, LLC ("Elkhorn") based on alleged misrepresentations about Elkhorn's relationship with Barclays. (D.I. 1 ¶ 19). The complaint provides no details regarding the transactions, such as which entity actually purchased the securities, on what dates, for how much, on what terms, and whether that entity still holds those securities today. Instead, the complaint simply states that the "three transactions all included the sale of non-registered securities." (*Id*.). The complaint also does not allege that Barclays had any role in connection with the sale of Elkhorn securities or that Plaintiffs ever interacted with Barclays, either in connection with their purchases of Elkhorn securities or otherwise.

According to the complaint, Plaintiffs engaged in all three transactions based on the same misrepresentation. Specifically, on February 6, 2016, Elkhorn sent Plaintiffs an email stating that

---

[1]    Defendant refers to Rule 12(b)(1) only one time – in the first paragraph of its brief. It cites to no case law and makes no arguments seeking dismissal pursuant to that rule.

1

Barclays committed to providing Elkhorn "a total of $5,000,000 in capital," with $3,000,000 being a 5-year interest only loan and the remainder being an annual marketing agreement for $500,000 every May through 2018. (*Id*. ¶ 16). Elkhorn "prominently advertised its partnership with Barclays on its website." (*Id*. ¶ 11). Elkhorn included a link on its website to the following statement Barclays made in a July 2015 press release about its partnership with Elkhorn:

> This partnership allows us to offer our clients an expanded range of investment opportunities. We're enhancing efficiency in product delivery, and matching that with innovation in investment content. Elkhorn's multi-dimensional setup is very complementary to Barclay's business, and very aligned to investors' needs.

(*Id*. ¶ 9; D.I. 10, Ex. 1, "the Barclays Statement").

The complaint alleges that the annual $500,000 marketing payment was contingent upon Elkhorn selling $100,000,000 of Barclays' products annually, and it was not, as they were led to believe, "guaranteed money." (*Id*. ¶ 21). The complaint alleges that by time Plaintiffs made their first investment in Elkhorn in February 2016, Barclays knew that Elkhorn had no realistic possibility of meeting the contingency requirements and receiving the $500,000 marketing payment. (*Id*. ¶ 22). Barclays also knew that the representations it made in its statement about Elkhorn were no longer true. (*Id*. ¶ 23). Yet, Barclays continued to allow Elkhorn to advertise their partnership. (*Id*.). Elkhorn is now insolvent, and Plaintiffs' investments are "essentially worthless." (*Id*. ¶ 25).

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a

complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Twombly*, 550 U.S. at 555-56. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, and documents incorporated by reference. *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1360, 1362 (D. Del. 1988).

**B.     Rule 9(b) and the PSLRA**

Because all of Plaintiffs' claims sound in fraud, they are all subject to the heightened pleading requirement set forth in Rule 9(b) of the Federal Rules of Civil Procedure. *See Cavi v. Evolving Sys. NC, Inc.*, No. 15-1211-RGA, 2018 WL 2372673, at *2 (D. Del. May 24, 2018)

(holding that Rule 9(b) applies to negligent misrepresentation claims sounding in fraud).[2] Accordingly, for each claim, Plaintiffs "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Put another way, Rule 9(b) requires that a plaintiff set forth "the who, what, when, where and how" of the alleged fraud. *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999).

In addition, Plaintiffs' securities fraud claim is subject to the heightened pleading requirements of the PSLRA requiring that Plaintiffs "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Further, Plaintiffs must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

### C. Elements of the Claims

To state a claim pursuant to Rule 10b-5, Plaintiffs must allege: "(1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance . . . ; (5) economic loss; and (6) 'loss causation,' i.e., a causal connection between the material misrepresentation and the loss." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (emphasis omitted).

The elements of a fraud claim under Delaware law are "(1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the

---

[2]   Plaintiffs specifically incorporate all of their fraud allegations into their claim for negligent misrepresentation. (*See* D.I. 1 ¶ 39)

4

plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) causally related damages to the plaintiff." *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 773 (Del. Ch. 2014); *Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 988 (Del. Ch. 2000).

"[N]egligent misrepresentation requires (1) a pecuniary duty to provide accurate information, (2) the supplying of false information, (3) the failure to exercise reasonable care in obtaining or communicating information; and (4) a pecuniary loss caused by justifiable reliance upon the false information." *Eppley v. Univ. of Del.*, No. 13-99 (GMS), 2015 WL 156754, at *4 (D. Del. Jan. 12, 2015).

### III. DISCUSSION

Plaintiffs' complaint asserts three claims: securities fraud under Sections 10(b) of the Securities Exchange Act of 1934 (Count 1), common law fraud (Count 2), and negligent misrepresentation (Count 3). (D.I. 1 ¶¶ 28-45). Barclays argues that all of the claims should be dismissed for failure to adequately plead falsity, materiality, reliance, and loss causation. (D.I. 9 at 7-17). Barclays further argues that the fraud claims fail to plead scienter, and the negligent misrepresentation claim fails to show a duty. (*Id*. at 18-19). Finally, Barclays argues that all of the claims are barred by the statute of limitations, and certain claims are barred, because Plaintiffs lack standing. (*Id*. at 17-20).

The Court will not address all of Barclays' arguments at this time. The Court cannot resolve Barclays' statute of limitations defense, because it only identified the applicable number of years, but did not identify when it contends the statute of limitations began to run.[3] (D.I. 9 at

---

3   Securities fraud claims are subject to a two-year statute of limitations. 28 U.S.C. § 1658(b)(1); *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). The applicable statute of limitations for fraud and negligent misrepresentation claims in Delaware is three years. *See* 10 Del. C. § 8106(a); *Puig v. Seminole Night Club, LLC*, C.A. No. 5495-VCN, 2011

5

17). The standing argument raises an interesting question, but it cannot be fairly resolved at this time, because certain necessary facts are not before the Court, such as which entity actually purchased the securities and whether the entity still holds those securities today. Other arguments need not be addressed, because the Court finds, for the reasons explained below, that the claims should be dismissed for failure to adequately plead falsity (for all the claims), failure to plead scienter (for the fraud claims), and failure to show a duty (for the negligent misrepresentation claim).

### D. Falsity

The only alleged misstatement is Barclay's July 2015 statement that "Elkhorn's multidimensional setup is very complementary to Barclays' business, and very aligned to investors' needs." (D.I. 1 ¶¶ 29, 35, 40). Plaintiffs appear to concede that the Barclays Statement was true at the time it was made in July 2015, instead alleging that the statement only became false at a later time. (*Id*. ¶ 23 ("By February 18, 2016, and continuing through January 30, 2017, Barclays knew that the representations it first made in 2015 about Elkhorn *were no longer true*." (emphasis added)); *id*. ¶ 30 ("Barclays knew that this statement *ceased to be true* and that it was not true by February 18, 2016 . . . ." (emphasis added)); *id*. ¶ 37 (same)). "To be actionable, a statement or omission must have been misleading at the time it was made; liability cannot be imposed on the basis of subsequent events." *In re NAHC, Inc. Sec. Litig*, 306 F.3d 1314, 1330 (3d Cir. 2002).

Contrary to Plaintiffs' assertion (D.I. 1 ¶ 14), Barclays also had no duty to update its statement. First, "a duty to update applies only in 'narrow circumstances' involving more

---

WL 3275948, at *4 (Del. Ch. July 29, 2011) (fraud); *Krahmer v. Christie's, Inc*., 903 A.2d 773, 778 (Del. Ch. 2006) (negligent misrepresentation).

6

fundamental corporate changes such as mergers, takeovers, or liquidations, as well as when subsequent events produce an 'extreme' or 'radical change' in the continuing validity of the original statement." *City of Edinburgh Council v. Pfizer, Inc*., 754 F.3d 159, 176 (3d Cir. 2014) (quoting *United States v. Schiff*, 602 F.3d 152, 170 (3d Cir.2010)). None of those elements are alleged to have been present in this case. Second, "there is no duty to update vague and general statements." *City of Edinburgh*, 754 F.3d at 176. Here, the Barclays Statement speaks only about the relationship between Barclays and Elkhorn at the time of the press release. There is no statement or promise about the future of the relationship. Thus, Barclays' statement is not the type of forward-looking statements that can trigger a duty to update. *See Burlington*, 114 F.3d at 1432 (noting "accurate report of past successes" does not require updates). Accordingly, all of the claims are dismissed without prejudice for failure to plead falsity.

  **E.** **Scienter**

Plaintiffs' securities and common law fraud claims require a showing that Barclays acted with scienter. *See Vichi*, 85 A.3d, at 773; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 317 (2007). Scienter is defined as a "'knowing or reckless' mental state 'embracing intent to deceive, manipulate, or defraud.'" *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481, 490 (3d Cir. 2016) (quoting *Avaya*, 564 F.3d at 252). Recklessness is "not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Avaya*, 564 F.3d at 267 n.42 (quoting *In re Advanta*, 180 F.3d at 535). A strong inference of scienter is one that is "cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314.

7

In support of the scienter element, Plaintiffs offer the conclusory statements that "[u]pon information and belief" Barclays knew that the partnership was failing and Elkhorn was not selling "any significant amount of Barclays products." (*Id.* ¶¶ 22-23). Plaintiffs, however, allege no facts in support of these conclusions. They do not allege that Barclays was aware of or monitored Elkhorn's capital raising activities or that Barclays relationship with Elkhorn carried any special significance to it. Nor do Plaintiffs identify any reason that Barclays would have desired to mislead potential investors in Elkhorn. Plaintiffs' conclusory assertion that "Barclays expected to profit from the investments made to Elkhorn" (*id.* ¶ 13) is unsupported. Barclays is not alleged to have owned any interest in Elkhorn. And, in any event, "[m]otives that are generally possessed by most corporate directors and officers do not suffice; instead, plaintiffs must assert a concrete and personal benefit to the individual defendants resulting from this fraud." *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 237 (3d Cir. 2004) (quoting *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001)). For the foregoing reasons, the securities and common law fraud claims are dismissed for the additional reason that the complaint fails to adequately plead scienter.

### F. Absence of Duty

"[N]egligent misrepresentation is a viable claim in Delaware only when there is a fiduciary relationship between the parties." *Eppley*, 2015 WL 156754, at *4; *see also Fortis Advisors LLC v. Dialog Semiconducter PLC*, C.A. No. 9522-CB, 2015 WL 401371, at *9 (Del. Ch. Jan. 30, 2015). Accordingly, Plaintiffs negligent misrepresentation claim is dismissed for failure to plead the existence of a fiduciary duty, or similar "special relationship," between Plaintiffs and Barclays. Although it seems unlikely Plaintiffs will be able to plead the existence of such duty in an amended complaint, the negligent misrepresentation claim is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Barclays' motion to dismiss the complaint (D.I. 8) is GRANTED. The complaint (D.I. 1) is dismissed without prejudice. An appropriate order will be entered.